**Robert GLISPIE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1178S280.**

Supreme Court of Indiana.

Nov. 18, 1980.

Harriette Bailey Conn, Public Defender, Marcia L. DuMond, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Robert Glispie appeals from an order of the Madison Superior Court denying his petition for a writ of habeas corpus. Police officers arrested Glispie without a warrant on Friday evening, April 21, 1978. Glispie was apprehended outside a store from which he and a female companion had allegedly stolen two dresses. He was confined in the Madison County jail and remained there through the weekend.

On the following Monday morning, April 24, the Madison County prosecutor appeared before Madison Superior Court Three Judge Newman, and, through testimony from the arresting officer, presented evidence on the allegation that Glispie had committed the felony in question. Petitioner Glispie was still in custody at that time, but was not present at the hearing nor aware that it was being held. Judge Newman found that there was probable cause to justify the arrest, and then issued an arrest warrant for Glispie. The warrant was read to Glispie in the jail shortly thereafter.

On July 28, 1978, petitioner, by counsel, filed a petition for a writ of habeas corpus, alleging that the State had failed to grant him a preliminary hearing pursuant to *Gerstein v. Pugh*, (1975) 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, and Ind.Code §§ 35–1–8–1 and 35–1–4–1 (Burns 1979 Repl.). Over his objection, the hearing on his petition was continued until the following Monday, July 31. At this hearing, petitioner presented evidence detailing the procedural facts of the case. The trial court found that both the warrantless arrest and the warrant issued subsequently were based on probable cause. The court also found that petitioner had been denied the prompt preliminary hearing to which he was entitled, but further found that petitioner had not been prejudiced by this denial. The court therefore denied the petition.

Petitioner Glispie does not challenge the validity of the warrantless arrest by which he was initially detained; nor does he challenge the finding of probable cause made by the judge on the following Monday. Further, Glispie does not contend that any evidence was obtained during and as a result of his alleged unlawful detention. Petitioner simply argues that the failure to grant him a preliminary hearing rendered his detention illegal, and that he is therefore entitled to be released.

■ This issue is moot for two reasons. First, appellant acknowledged in a memorandum to the trial court that he was taken before a judge on May 9, 1978, approximately two weeks after his arrest. Even assuming that Glispie was being unlawfully detained after the failure to provide a preliminary hearing on Monday, April 24, his May 9 appearance before a court resolved that problem and rendered the issue moot before the petition was filed. Second, appellant's brief to this Court indicates that he has been convicted of the crime charged, and is now serving a three–year sentence in Westville Correctional Center. Thus, he is now in custody by virtue of a conviction, sentence and commitment by the Madison Superior Court, and is no longer being detained by the Madison County Sheriff, the original defendant in this cause. Petitioner does not challenge that conviction or sentence in this appeal; therefore, we must

assume them to be valid. An illegal arrest or detention does not void a subsequent, otherwise valid conviction. *Gerstein v. Pugh, supra,* 420 U.S. at 119, 95 S.Ct. at 865, 43 L.Ed.2d at 68. For these reasons, this appeal is dismissed as moot.